Dear Mr. Burton:
This office is in receipt of your opinion request wherein you question whether the Beauregard Parish Police Jury has a duty to provide a "suitable dog pound" in accordance with LSA-R.S. 3:2774
and, if established, whether the pound is subject to the minimum standards set forth in LSA-R.S. 3:2461 et seq.
In addressing your initial inquiry as to any existing duty on the part of the police jury to provide a "suitable dog pound," it is necessary to analyze several legislative statutes in para materia. At the outset, it should be noted that Louisiana has a statutorily recognized "leash law" in effect. LSA-R.S. 3:2771, declares that "no person shall suffer or permit any dog in his possession, or kept by him about his premises, to run at large on any unenclosed land, or trespass upon any enclosed or unenclosed lands of another." In relation to this statewide leash law, the legislature vested the governing authorities of the parishes with regulatory powers which seek to help the parishes manage and enforce this leash law. LSA-R.S. 3:2731, provides:
 The governing bodies of all parishes and municipalities, may
levy and collect annual per capita license taxes on all dogs, enact ordinances for the regulation of dogs running at large, and maintain pounds for the impounding of dogs. (Emphasis added).
The above statute grants the governing body of a parish discretion to exercise its regulatory authority relevant to dogs, including the maintaining of a dog pound. Use of the word "may" in LSA-R.S.3:2731 denotes permissive regulation as opposed to mandatory. Thus, the dictates of LSA-R.S. 3:2731 impart no obligation, in general, on the governing body of a parish to provide pounds for the impounding of dogs.
Nevertheless, LSA-R.S. 3:2773 and LSA-R.S. 3:2774 are more on point as to whether an obligation exists on behalf of the parish to provide a suitable pound for the impoundment of dogs undercertain conditions. LSA-R.S. 3:2773 provides, in part:
 A. Dogs owned by citizens of this state and by citizens of other states and situated and located in this state are declared to be personal property of such citizens.
 B. Any citizen may, or the sheriff, constable, or other police officers of any parish, ward, or municipality shall
seize any dog unaccompanied by its owner or keeper and running at large on any road, street, or other public place, or trespassing on any premises other than the premises of its owner. If the dog is wearing a collar bearing a tag showing the name and address of its owner, it shall be impounded and the citizen or officer so seizing and impounding the dog shall immediately thereafter by written notice notify the owner of the dog, at the address disclosed by the tag on the dog's collar, that the dog has been seized and impounded by him, and unless the owner or keeper of the dog shall, within seven days of receipt of the notice, claim the dog and pay the citizen or officer a fee of one dollar for seizing and a fee of twenty-five cents for each day it is impounded, it shall be disposed of in a humane manner.
 C. . . . the sheriff, constable, or other police officers of any parish, ward, or municipality shall, seize any dog found unaccompanied by its owner or keeper and trespassing on any premises that is fenced with at least a two-inch by four-inch wire mesh that is a minimum of four feet high. If the dog is wearing a collar bearing a tag showing the name and address of its owner, it shall be impounded . . . This Subsection shall apply only to fox pens.
 * * *
 (Emphasis added).
LSA-R.S. 3:2774 provides:
 Each parish shall provide suitable pounds for dogs seized under the provision of this part.
Thus, a literal interpretation of LSA-R.S. 3:2773 and 3:2774 read together, creates two distinct obligations. The first of which is that of law enforcement officers [sheriff, constable, police officer] to seize any unaccompanied, roving dog. The second obligation created is for law enforcement officers to impound those dogs found to be wearing collars bearing ownership identification information.
It is under these circumstances that the parish has a mandatory duty to provide a suitable pound within which to place a dog seized in accordance with R.S. 3:2773. This office reached the same conclusion in Attorney General Opinion Number 95-3, stating:
 [a]ny dog seized under the provisions of La.R.S. 3:2771 and R.S. 3:2773 which is wearing a license tag must be impounded in a suitable pound . . . For those dogs not properly licensed, there would not appear to be any prohibition to the destruction of these dogs in a humane manner, nor any requirement that such animals be seized and impounded for some period of time before destruction. Such a decision is left up to the local police juries under the provisions of La.R.S. 3:2731.
We want to distinguish this issue from the general issue of impounding all animals, as was done in earlier opinions of this office, Numbers 90-536 and 93-808. In Attorney General Opinion No. 90-536, the general powers of a parish governing authority pursuant to R.S. 33:1236 were distinguished from the specific duty of R.S. 3:2773 and 2774, as follows:
 In summary, the parish governing authority is delegated by statute the police power to enact an animal control ordinance regulating any or all animals roaming at large, to provide means for the enforcement of the ordinance (animal control officers), and to provide a pound for the shelter and care of all seized animals. [R.S. 33:1236(5)]. It is not required to do so. However, state law requires law enforcement officers to seize dogs running at large, but not other animals, and if such impoundment takes place, the parish is required by law to provide a pound. [R.S. 3:2773 and 2774]. (Emphasis added).
In sum, it is our opinion that the Beauregard Parish Police Jury only has a duty to provide a suitable dog pound in accordance with R.S. 3:2774 for the impoundment of dogs who are running at large and wearing a collar with ownership identification. Our opinion today is consistent with these earlier opinions.
Your second question asks whether a pound is subject to the minimum standards set forth in R.S. 3:2461. LSA-R.S. 3:2461
provides:
 In addition to and supplemental with any other authority granted to parish governing authorities by law, a parish governing authority may adopt an ordinance establishing minimum standards for animal shelters within the parish consistent with the provisions of this Part. (Emphasis added).
"Animal shelter" is defined as "[a]ny building, structure, site, enclosure or other facility used or operated for the housing or keeping of any stray, homeless, abandoned or unwanted animalsincluding any facility designated by the parish governingauthority, for the keeping or housing of any impounded animals". (Emphasis added).
Thus, it is our opinion that it is within the parish governing authority's discretion to adopt an ordinance establishing minimum standards as set forth in R.S. 3:2461 et seq. for an animal facility, which facility would be for the keeping or housing of any impounded animals. There is no mandate in the law requiring the governing authority to follow R.S. 3:2461 et seq.
Louisiana's criminal code prohibits cruelty to animals [R.S.14:102.1], which includes the failure to provide animals with proper food, proper drink, proper shelter, or proper veterinary care. "Proper shelter" is defined as "[p]roviding each animal with adequate shelter from the elements as required to prevent unnecessary or unjustifiable suffering by the animal. LSA-R.S.14:102. Thus, it is our opinion that the parish governing authority has the duty, at a minimum, to comply with this provision of law. Again, providing an animal shelter under the minimum standards of R.S. 3:2461 is discretionary, but when a dog is impounded for seven (7) days pursuant to R.S. 3:2773, the parish must at least provide shelter from the elements, so as not to be in violation of the crime of cruelty to animals.
We hope this opinion sufficiently addresses your concerns. If our office may be of further assistance, please feel free to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 ______________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb